# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JORDANOFF, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-947-R |
| | ) | |
| OK, D.O.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, James Jordanoff, IV, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and does not state any plausible claims upon which § 1983 relief may be granted.

**I.      Plaintiff's Claims**

Plaintiff is currently incarcerated at the Cleveland County Jail. Plaintiff's claims arise, however, out of his former incarceration at the Lexington Assessment and Reception Center (LARC).[1]

---

[1] Plaintiff alleges that he recently discharged his sentence (on October 31, 2014) and, therefore, his current detention at the Cleveland County Jail appears to be on new charges.

Plaintiff identifies three defendants in the Complaint: (1) the Director of the Oklahoma Department of Corrections (ODOC); (2) Mark Nutson with the "Review Authority"; and (3) LARC. He brings two claims for relief. In Count I he alleges a violation of his due process rights under the Fourteenth Amendment to the United States Constitution. In Count II he alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff alleges that in 2010, while incarcerated at LARC, he was wrongly assessed security points for an alleged escape but that the escape charges were later dismissed.[2] He claims that he has been subject to cruel and unusual punishment and a "loss of liberty interest" as a result of the "malicious" and "erroneous" custody assessment. He further claims he has been restricted to medium security housing, restricted to level two for purposes of earning good-time credits and denied any prospects of parole. *See* Complaint at pp. 1, 2.[3]

Plaintiff references a previous lawsuit he filed in this judicial district, *Jordanoff v. Jones*, Case No. CIV-14-493-F (W.D. Okla.), and requests that the Court refer to this lawsuit to obtain a more detailed explanation as to the "history" and "chain of events." *See* Complaint at pp. 5-6. Apparently recognizing that a claim brought pursuant to 42 U.S.C. § 1983 arising out of events occurring in 2010 would be time-barred, Plaintiff makes a vague reference to "tolling" and states that he has chronic mental health issues. *Id*. at p. 6.[4]

---

[2] Plaintiff identifies a unit manager, Ron West, as the person responsible for the wrongful assessment. *See* Complaint at p. 5. But Plaintiff does not identify Mr. West as a Defendant in this action.

[3] Citations to Plaintiff's Complaint will refer to this Court's CM/ECF pagination.

[4] A two-year limitations period governs Plaintiff's § 1983 claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); *see also* Okla. Stat. tit. 12, § 95(A)(3). But based on the other grounds for dismissal identified, it is not necessary to address the untimeliness of Plaintiff's claims and whether grounds for tolling exist.

In Case No. CIV-14-493-F, Plaintiff sought habeas corpus relief pursuant to 28 U.S.C. § 2241. A review of the claims raised in that habeas action demonstrates that Plaintiff seeks virtually identical relief in this action, except that instead of seeking habeas corpus relief, Plaintiff now purports to seek relief pursuant to 42 U.S.C. § 1983. In the Report and Recommendation filed in that case, the Magistrate Judge identified Plaintiff's claims as follows: "Petitioner alleges that DOC's assessment of 'escape points,' without an escape conviction, violates his right to due process, illegally extends his confinement, and constitutes cruel and unusual punishment." *See* Report and Recommendation (October 7, 2014) [Doc. No. 26] at p. 2. The Magistrate Judge recommended that the claims be dismissed as untimely and further, that Petitioner's allegations regarding his mental illness were insufficient to toll the limitations period. *See id*. at pp. 5-8. The District Judge adopted the Report and Recommendation. *See* Order and Judgment (November 12, 2014) [Doc. Nos. 29, 30].

In addition to the prior habeas action specifically referenced by Plaintiff in the Complaint, the Court takes judicial notice of multiple actions brought by Plaintiff, some of which are currently pending in this judicial district. In a very recent action, *Jordanoff v. Lester*, Case No. CIV-15-578-R (W.D. Okla.), the Court dismissed Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983. A review of the Complaint and the Court's rulings in that action demonstrate that Plaintiff attempted to raise similar claims related to his custody assessment due to the escape charges. With respect to those claims, which the Court construed as challenges to the execution of his sentence, the Court found such claims seek habeas corpus relief and properly arise under

28 U.S.C. § 2241. Therefore, the Court dismissed the claims as not cognizable in a § 1983 action. *See* Case No. CIV-15-578-R, Order and Judgment (July 21, 2015) [Doc. Nos. 17, 18].[5]

## II.    Standard for Dismissal

Where a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also* 28 U.S.C. § 1915A(b)(1). The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to comply with Rule 8 may result in the dismissal of an action. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[T]o be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not required heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face.")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[5] The Court notes that Plaintiff has seemingly developed a practice of simultaneously filing suits seeking both habeas relief and § 1983 relief, but arising from the same set of facts. *See, e.g.*, *Jordanoff v. Lester*, Case No. CIV-15-719-R (W.D. Okla.), Report and Recommendation (Sept. 25, 2015) [Doc. No. 16] (reciting simultaneously filings as pertinent to facts raised in that action).

misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Kay*, 500 F.3d at 1218. However, the generous construction given to a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Additionally, Plaintiff's pro se status does not relieve him of the duty to comply with the Federal Rules of Civil Procedure. *See Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir. 2008); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Applying these standards, Plaintiff has failed to comply with the requirements of Rule 8 and has failed to state plausible claims for relief against Defendants. On these grounds, therefore, Plaintiff's Complaint should be dismissed.

**III.   Analysis**

    **A.   The Complaint Fails to Allege Facts Demonstrating Defendants' Personal Participation in the Violation of his Constitutional Rights**

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The allegations of Plaintiff's Complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the

5

defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

The body of Plaintiff's Complaint identifies two individuals as Defendants, the "Director" of the Oklahoma Department of Corrections (ODOC) and Mark Nutson. However, the Complaint fails to identify any actions taken by these individuals that allegedly demonstrate a violation of Plaintiff's constitutional rights. As to the Director of the ODOC, Plaintiff states only that he "use[d] excuse of state statute of limitations" to violate Plaintiff's constitutional rights. *See* Complaint at p. 1. In similar conclusory fashion, Plaintiff states that Defendant Nutson has used ODOC policy to violate his constitutional rights and further alleges that he improperly denied Plaintiff's request for administrative relief as untimely. *Id*. at pp. 2, 3.

Plaintiff's claims are deficient in every respect as they fail to inform the defendants of what they did, when their actions took place, how their actions harmed plaintiff and what specific legal rights Plaintiff alleges have been violated. Therefore, Plaintiff's claims are subject to dismissal because they do not comply with the requirements of Rule 8.

Plaintiff's claims should also be dismissed for failure to state a claim upon which § 1983 relief may be granted. Plaintiff fails to demonstrate the requisite personal participation by the named defendants in the violation of his constitutional rights and brings only wholly conclusory allegations. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted); *Hall*, 935 F.2d at 1110 (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). Instead, he appears to sue the Director of the ODOC only in his supervisory capacity. And, with respect to Defendant Nutson, he claims

Defendant Nutson improperly denied administrative relief, on grounds the request made by Plaintiff was untimely. It is well-established that the denial of a request for administrative relief does not establish the requisite personal participation in the violation of a prisoner's constitutional rights. *Sheratt v. Utah Dept. of Corrections*, 545 F. App's 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim.") (*citing Gallagher*, 587 F.3d at 1069; *Brown v. Cline*, 319 F. App'x 704, 705–06 (10th Cir. 2009)); *see also Murray v. Albany County Bd. of County Commrs.*, Case No. 99–8025, 2000 WL 472842 at *2 (10th Cir. April 20, 2000) (unpublished op.) (allegations that defendant failed to answer prison grievances "failed to state a claim as a matter of law because prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (internal quotations and citation omitted). It is recommended, therefore, that Plaintiff's claims be dismissed.

### B. LARC is not a Suable Entity

The only other defendant identified in the Complaint is LARC. But LARC is not a proper defendant in a § 1983 action. *See Aston v. Cunningham*, No. 99–4156, 2000 WL 796086, at *4 n. 3 (10th Cir. Jun. 21, 2000) (unpublished op.) ("[A] detention facility is not a person or legally created entity capable of being sued."); *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) (affirming dismissal of claims against LARC because "state-operated detention facilities do not have a separate legal identity from the state" and are not considered "persons" under § 1983). Accordingly, Plaintiff's claims against LARC should be dismissed with prejudice.

### C. Plaintiff's Claims Challenging the Execution of his Sentence are not Cognizable in this § 1983 Action

The Court further recommends dismissal of the claims raised in this action to the extent Plaintiff's claims challenge the execution of his sentence rather than the conditions of his confinement. "[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. *Id*.

As set forth, Plaintiff's litigation history demonstrates that he understands the distinction between a claim for habeas corpus relief and a claim challenging the conditions of his confinement under 42 U.S.C. § 1983. Plaintiff's claims have previously been raised in a habeas corpus action, Case No. CIV-14-493-F. Plaintiff cannot raise those same habeas claims, disguised as § 1983 claims, in an effort to avoid the untimeliness of his habeas claims.[6] Because any claims challenging the execution of his sentence are not cognizable in a civil rights action, those claims should be dismissed.

---

[6] If Plaintiff were to attempt to file a habeas corpus action pursuant to 28 U.S.C. § 2241 raising these same claims, it appears the claims would be subject to dismissal as successive. *See Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). Moreover, based on Plaintiff's allegation that he discharged his sentence, it does not appear he remains "in custody" on the challenged sentence as required to maintain a habeas corpus action. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired).

**RECOMMENDATION**

It is recommended that the Complaint [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) on grounds that the Complaint fails to state claims upon which § 1983 relief may be granted. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 16th day of November, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 26th day of October, 2015.

BERNARD M. JONES
United States Magistrate Judge