IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JORDANOFF, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-947-R |
| | ) | |
| OK, D.O.C., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bernard M. Jones, entered on October 26, 2015. The Magistrate Judge recommended that Plaintiff's Complaint be dismissed upon screening pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), and the dismissal be counted as a first strike. Doc. No. 8. Plaintiff filed an objection to the Magistrate Judge's conclusions in the Report and Recommendation ("Objection"). Doc. No. 9. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

**I.     Plaintiff's Complaint**

Plaintiff names three defendants in this action: (1) the Director of the Oklahoma Department of Corrections[1] (the "Director"); (2) Mark Nutson with the "Review Authority;" and (3) the Lexington Assessment and Reception Center ("LARC"). He claims that Defendants violated his due process rights under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eight Amendment.

---
[1] Hereinafter referred to as "ODOC."

1

Plaintiff's claims arise out of his incarceration at LARC. While at LARC, Plaintiff alleges that unit manager Ron West, who is not named in this action, erroneously assigned him security points on escape charges that were later dismissed. As a result, Plaintiff alleges, he was restricted to medium-security housing, restricted to level two for purposes of earning good time credits, and denied prospects of parole.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Plaintiff's claims against the Director and Defendant Nutson be dismissed because Plaintiff's claims were insufficient to meet the pleading standard under Federal Rule of Civil Procedure 8. The Magistrate Judge also found that Plaintiff failed to allege that either Defendant was personally involved in the violation of his constitutional rights, consequently failing to state a claim under Section 1983. At most, the Magistrate Judge found, Plaintiff alleged that the Director was liable due to his supervisory status and Defendant Nutson was liable because he denied Plaintiff's request for administrative relief. The Magistrate Judge found, and the undersigned agrees, that these are insufficient bases for personal involvement under Section 1983.[2]

## III. Plaintiff's Objection to the Report and Recommendation

Plaintiff's Objection does not compel a different result. In an attempt to elaborate on his allegations, Plaintiff first asserts that the Director, whom he identifies as Justin

---

[2] The Magistrate Judge also recommended that Plaintiff's claims against LARC be dismissed with prejudice, as LARC is not a proper defendant in a Section 1983 action and that to the extent Plaintiff's claims challenge the execution of his sentence (rather than the conditions of his confinement), such claims are not cognizable in a civil rights action and should be dismissed. Plaintiff did not object to either recommendation. Regardless, the Court agrees with the Magistrate Judge's analysis and conclusions thereto.

Jones, is liable under Section 1983 because he is responsible for assigning employees like Mr. West to authority positions and overseeing their compliance with ODOC codes and policy. Doc. No. 2-3.[3] As in his Complaint, however, Plaintiff only describes the Director's supervisory role, not personal involvement. As the Magistrate Judge discussed in his Report and Recommendation, mere supervisory status is insufficient to constitute "personal involvement" under Section 1983. Doc. No. 8, at 6; *see also Cox v. Glanz*, 800 F.3d 1231, 1248-49 (10th Cir. 2015) (Section 1983 plaintiff must establish supervisor's personal involvement in alleged deprivation to establish liability).

Similarly, Plaintiff's assertions regarding Defendant Nutson fail to allege personal involvement. Plaintiff asserts that Defendant Nutson violated Section 1983 by failing to investigate and process Plaintiff's grievance. Doc. No. 9, at 4.[4] This too is insufficient to allege the requisite personal participation under Section 1983. *See* Doc. No. 8, at 7; *see also Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim"); *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009) (denial of grievance, without allegation that defendant

---

[3] Plaintiff also asserts that the Director is liable under Section 1983 because, in response to a letter from Plaintiff, the Director instructed him to file a grievance with Defendant Nutson and the Administrative Review Authority. Doc. No. 9, at 7. Without more, this assertion appears to relate to yet another denial of a request for administrative relief which, as discussed thoroughly by the Magistrate Judge, is insufficient to establish personal involvement under Section 1983. *See* Doc. No. 8, at 7.

[4] Plaintiff also asserts that Defendant Nutson could have made a "simple adjustment" of Plaintiff's "Institutional Case File" to remove the ten points. Doc. No. 9, at 4. This, without more, appears to be an extension of Plaintiff's complaints related to the administrative grievance process and does not compel a different result.

participated in deprivation that led to filing the grievance, was insufficient); *Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009) (citing to *Whitington* with approval).

In addition to the deficiencies described above, the assertions in Plaintiff's Objection fail to cure the Rule 8 pleading deficiencies the Magistrate Judge identified. In particular, Plaintiff fails to identify specific actions by either Defendant or when the Defendants' purported actions took place.

Finally, throughout his Objection, Plaintiff attributes either misconduct or supervisory responsibility to Ron West or the Cleveland County Sherriff. Doc. No. 9. Neither of these individuals, however, are named as defendants in this action and these assertions do not save his claim from dismissal.

## IV. Conclusion

The undersigned agrees with the thorough and well-reasoned Report and Recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation is ADOPTED in its entirety and the petition [Doc. No. 1] is DISMISSED. Plaintiff's claims against Defendants Nutson and the Director are dismissed WITHOUT PREJUDICE and his claims against LARC are DISMISSED WITH PREJUDICE. This dismissal is counted as a first strike.

To the extent Plaintiff seeks to re-file his complaint, the Court cautions him to keep in mind the deficiencies identified in this Order and the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED this 22nd day of December, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE